IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN ROBERT WRIGHT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:16-CV-00616-CAN |
| | § | |
| v. | § | |
| | § | |
| COMMISSIONER, SSA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income benefits [Dkt 1]. After reviewing the Briefs submitted by the Parties, as well as the evidence contained in the Administrative Record, the Court finds that the Commissioner's decision should be **REMANDED**.

BACKGROUND

I.   PROCEDURAL HISTORY OF THE CASE

On October 24, 2013, Kevin Robert Wright ("Plaintiff") filed his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act") [TR 135-41]. Plaintiff's alleged onset date was October 22, 2013[1] [TR 51-52]. Plaintiff's application was initially denied by notice on November 26, 2013, and again upon reconsideration on February 11, 2014, after which Plaintiff requested a hearing before an administrative law judge ("ALJ") [TR 18, 82, 102]. The ALJ conducted a hearing on December 11, 2014 ("Hearing"), and heard testimony from Plaintiff and Vocational Expert Michael Gartman ("VE") [TR 31, 33-51,

---

[1] Plaintiff initially alleged an onset date of January 1, 2011 and later amended the onset date to October 22, 2013 [TR 20, 51-52].

53-57]. Plaintiff was represented by counsel at Hearing [TR 18, 33]. On January 28, 2015, the ALJ issued his decision denying benefits, and found Plaintiff not disabled at step five of the prescribed sequential evaluation process [TR 26-28]. Plaintiff requested that the Appeals Council review the ALJ's decision, and on June 24, 2016, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner [TR 1, 14-15].

On August 17, 2016, Plaintiff filed his Complaint with the Court [Dkt. 1]. On December 2, 2016, the Administrative Record was received from the Social Security Administration ("SSA") [Dkt. 10]. On December 5, 2016, this case was assigned to the undersigned by consent of all Parties for further proceedings and entry of judgment [Dkt. 13]. Plaintiff filed his Brief on January 2, 2017 [Dkt. 14]. On March 3, 2017, the Commissioner filed its Brief in Support of the Commissioner's Decision [Dkt. 15]. On March 13, 2017, Plaintiff filed his Response to Commissioner's Brief [Dkt. 17].

## II. STATEMENT OF RELEVANT FACTS

### 1. *Age, Education, and Work Experience*

Plaintiff was born on February 28, 1965, making him forty-eight years old at the time of his application date (and classified at all relevant times as a "younger person")[2] [TR 135]; *see* 20 C.F.R. § 416.963(c). Plaintiff's alleged onset date is October 22, 2013 [TR 18, 51]. Plaintiff has an eleventh grade education [TR 38]. Plaintiff has past relevant work experience in landscaping [TR 35].

---

[2] After the ALJ's decision, on February 28, 2015, Plaintiff's classification changed to a "person closely approaching advanced age." [TR 135].

### 2. Relevant Medical Record Evidence

#### a. Treating Physician – Dr. Zeitman

On September 12, 2013, Plaintiff's primary care physician, Dr. Henry Zeitman, M.D. ("Dr. Zeitman"), completed a medical source statement regarding Plaintiff's work-related limitations [TR 706-08]. Dr. Zeitman reported that, due to chronic pain, chronic pancreatitis, weakness, and dyspnea, Plaintiff was capable of sitting for two hours, standing/walking for one hour, and would need to recline for five hours out of a typical eight-hour workday [TR 706-08]. Dr. Zeitman reported that Plaintiff could lift up to twenty pounds, but was limited by moderate pain such that he would remain off task over fifteen minutes per hour [TR 707-08]. Dr. Zeitman added that Plaintiff would frequently need unscheduled rest breaks and would probably miss work four or more days a month due to his pain and/or other symptoms [TR 708].

#### b. Examining Source – Dr. Ryser

At the request of the State agency reviewing his disability application, Plaintiff underwent a May 8, 2013 psychological examination by Dr. Christina Ryser, Ph.D. ("Dr. Ryser") [TR 217-18]. Dr. Ryser observed that Plaintiff appeared to provide an accurate assessment of his history and present functioning [TR 218]. Specifically, Plaintiff endorsed substantial symptoms of depression, including decreased sleep, low energy, and difficulty concentrating, and he also described panic attacks in response to social situations [TR 218-19]. In terms of memory, Plaintiff was able to repeat three words from immediate memory, but recalled only one of three words for recent memory and was unable to provide the two forgotten words despite prompting [TR 223]. Plaintiff could count backward by 2s, "although he performed this task extremely slowly" [TR 223]. Dr. Ryser observed that Plaintiff appeared "to have some difficulties with tasks involving attention and concentration, as evidenced by being unable to correctly answer some

things and taking more time than expected to do yet other things (requiring some pauses)" [TR 219-20]. Dr. Ryser diagnosed Plaintiff with major depressive disorder, panic disorder, and assigned a global assessment of functioning score of 48 [TR 223]. She reported that Plaintiff had "deficits with memory, particular short-term memory" and would likely have difficulty with understanding and remembering, "especially for a sustained period of time" [TR 224]. Dr. Ryser noted that Plaintiff's mental/emotional symptoms appeared to substantially impact his occupational functioning due to his difficulty staying focused or keeping up with duties required of many jobs [TR 224]. Additionally, she added that Plaintiff may have even more difficulty with attending and concentrating when he must focus for extended periods of time or is multitasking or experiencing an increase in symptoms [TR 220].

### c. *State Agency Consultants – Drs. Reid and Yu*

On November 21, 2013, State agency consultant Randal Reid, M.D. ("Dr. Reid") assisted in an initial-level agency determination of Plaintiff's medical conditions and functional limitations [TR 61-69]. According to Dr. Reid, Plaintiff's affective disorder was non-severe and produced only "mild" limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace[3] [TR 64]. On February 5, 2014, another State agency consultant San-San Yu, M.D. ("Dr. Yu") conducted a similar review that likewise agreed with Dr. Reid's assessment[4] [TR 71-81, 76].

### 3. *Hearing Testimony*

### a. *Plaintiff's Testimony*

At Hearing, Plaintiff testified about his functional limitations. Specific to his mental impairments, Plaintiff testified that he found it very difficult to concentrate and regularly cooked

---

[3] Dr. Robert Gilliland, M.D. also participated in this review [TR 65].
[4] Dr. Don Marler, Ph.D. also participated in this review [TR 77].

microwavable meals because he could not concentrate long enough to use a recipe [TR 38]. Plaintiff also testified that his pain, stemming primarily from his pancreatitis, also impaired his ability to concentrate [TR 39]. Plaintiff testified that due to this inability to concentrate, he could not watch a movie in one sitting [TR 39].

### b. *Vocational Expert Testimony*

At Hearing, the ALJ asked the VE to describe Plaintiff's work history, and the VE responded that Plaintiff's past skill level as a landscaper was light, SVP 8 [TR 52]. The ALJ then asked the VE:

> to assume that a person of [Plaintiff's] age, education, and work experience could lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk four hours out of an eight-hour work day. Sit six out of eight hours, and that would be the only restrictions that he had. Would he be able to perform his past relevant work?

[TR 53-54]. The VE responded that this hypothetical individual could not perform his past relevant work as a landscaper, but that he could perform other jobs in the local and national economy [TR 54]. These jobs included working as a ticket seller, mail clerk, and office helper [TR 54]. The ALJ then asked the VE another hypothetical:

> Let's assume as of [September 12, 2013], a person of his age, education, and work experience could sit a total of two hours, stand and walk a total of one hour, and lie down and recline [and] would be required five hours of a work day. He could sit for 20 minutes at a time without needing to change position, stand for 10 minutes at a time without needing to change position, and this is due to weakness and dyspnea from his cardiovascular disease, and he's limited due to chronic pain and chronic pancreatitis. He needs to alternate between sitting and standing as needed, at will. And he would also have to walk off the task to address his pain. And he would need to leave the task, whether he was standing or sitting, at least 60 minutes. He could frequently lift up to 11 to 20 pounds, or 20 pounds, and due to pain, ***with respect to concentrating on a task, he would be off task over 15 minutes per hour***. He would need frequent unscheduled rest breaks during the day. Would he able to perform his past work or any other type of work?

[TR 56] (emphasis added). The VE responded that no work would be available for this hypothetical person [TR 56].

### III. FINDINGS OF THE ALJ

#### 1. *Sequential Evaluation Process*

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who is engaged in substantial gainful employment at the time of his disability claim is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity ("RFC"), age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the RFC to engage in work available in the national economy. 20 C.F.R. § 404.1520(f). Under the first four steps of the analysis, the burden lies with the claimant to prove disability and at the last step the burden shifts to the Commissioner. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If at any step the Commissioner finds that the claimant is or is not disabled, the inquiry terminates. *Id.*

#### 2. *ALJ's Disability Determination*

After hearing testimony and conducting a review of the facts of Plaintiff's case, the ALJ made the following sequential evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 22, 2013, the alleged disability onset date [TR 20]. At step two, the ALJ determined that Plaintiff had the severe impairments of pancreatitis,

diabetes mellitus, coronary artery disease, hypertension, and gastroesophageal reflux disease [TR 20-22]. At step three, the ALJ found that these impairments, singly or in combination, did not satisfy the requirements for a presumptive finding of disability under the Act [TR 22]. At step four, the ALJ found Plaintiff had the RFC to perform "a restricted range of light work." [TR 22-26]. Specifically, the ALJ found Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand or walk four hours in an eight-hour workday, and sit six hours in an eight-hour workday [TR 22]. Continuing the step four analysis, the ALJ then determined that Plaintiff was unable to perform any of his past relevant work [TR 26]. At step-five, based on Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert, the ALJ found there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as ticket seller, mail clerk, and office helper [TR 26-27]. Thus, the ALJ concluded Plaintiff was not disabled from October 22, 2013 until the date of the ALJ's decision [TR 27].

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). Additionally, any conflicts in the evidence, including the medical evidence, are resolved by the ALJ, not the reviewing court. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. "Substantial gainful activity" is determined by a five-step sequential evaluation process, as described above. 20 C.F.R. § 404.1520(a)(4).

## ANALYSIS

Plaintiff contends that the ALJ erred by failing to explain what weight, if any, he gave to Dr. Ryser's opinion and further that substantial evidence does not support the RFC because no physician endorsed the limitations the ALJ found applicable to Plaintiff [Dkt. 14 at 10, 14]. The Court evaluates these arguments in turn.

*1.    The ALJ Erred in Failing to Weigh and/or Address the Limitations Found in Dr. Ryser's Opinion*

The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). Indeed, the relative weight to be given the pieces of evidence is within the ALJ's discretion. *Id*. However, the ALJ "may not substitute [his] opinion for the opinion of a treating physician whose testimony is uncontroverted." *Blades v. Comm'r of Soc. Sec. Admin.,* No. 3:01–CV–2483–K, 2003 U.S. Dist. LEXIS 23165, at *24 (N.D. Tex. Dec. 12, 2003) (citing *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1985)).

Moreover, when an ALJ's decision is not fully favorable, the ALJ's "[n]otice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *1, 5. Thus, the notice of determination must contain an explanation, albeit brief, of the weight given to the treating source's medical opinion. SSR 96-2p.

The regulations make clear that opinions by examining physicians must be similarly considered; and "fundamentally, [t]he ALJ cannot reject a medical opinion without explanation." *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017). The Social Security Administration vows to evaluate "every medical opinion we receive" and "will always consider the medical opinions in your case record . . . ." 20 C.F.R. § 416.927(b)-(c) (2015).

In the present case, the ALJ neglected to even mention Dr. Ryser's opinion, much less assign any weight to it. Moreover, the ALJ identified no medical evidence controverting Dr. Ryser's limitations in his decision. In pertinent part, Dr. Ryser opined that:

> [Plaintiff] appeared to have deficits with memory, particularly short-term memory. Based upon these observations, in addition to his current levels of depressive and anxiety symptoms (including anhedonia, decreased energy, and feelings of frustration at his perceived deficits), it appears possible that the claimant has even more difficulty with attending and concentrating when he must focus for extended period of time, when he must multi-task, or when he is experiencing even greater symptom severity (e.g., a full-blown panic attack). During such instances, the claimant may have trouble finishing tasks altogether. He is likely to have difficulty managing detailed or complex instructions, as well as understanding and remembering, at times, and especially for a sustained time period.

[TR 220]. Dr. Ryser's evaluation supports a finding that Plaintiff has difficulty in concentrating. The ALJ's failure to mention or in any way address Dr. Ryser's uncontroverted opinion was error. *See Osborn v. Berryhill*, 3:16-CV-44-B-BN, 2017 WL 2312910, at *8 (N.D. Tex. May 11, 2017) (finding that the ALJ's failure to assign weight to Dr. Ryser's uncontroverted opinion was error); *Wilkerson v. Berryhill*, 3:16-CV-851-BN, 2017 WL 1091601, at *6 (N.D. Tex. Mar. 23, 2017) ("Regardless, the ALJ's failure to discuss [the examining psychologist's] conclusions concerning

[plaintiff's] work limitations is an error of law in and of itself."); *Kneeland*, 850 F.3d at 760 ("In addition to the rules surrounding treating physicians, the regulations make clear that opinions from examining physicians must be considered.").

Commissioner does not argue, and thereby concedes the ALJ's failure constitutes error; however, Commissioner submits that such error was harmless [Dkt. 15 at 5] ("although the ALJ did not explicitly state the weight that he assigned Dr. Ryser . . . . Plaintiff can demonstrate no prejudice.").

**2.** ***The ALJ's Error in Failing to Address Dr. Ryser's Opinion Warrants Remand***

In arguing that the ALJ's error was not prejudicial, Commissioner argues that Dr. Ryser's report does "not suggest that Plaintiff is unable to work based on his mental problems" and thus, the ALJ's RFC assessment was supported by substantial evidence [Dkt. 15 at 5-8]. While Dr. Ryser did not specifically opine that Plaintiff's difficulty in concentration would render him unable to work, Dr. Ryser did report that Plaintiff's memory deficits were legitimate, that he would have difficulty "with attending and concentrating when he must focus for extended periods of time," and he may be able to return to work, and that her prognosis for Plaintiff was "guarded" [TR 219-20, 224]. Moreover, in response to the ALJ's second hypothetical, which incorporated a limitation with respect to concentration, the VE opined that Plaintiff would not be able to work, if "with respect to concentrating on a task, he would be off task over 15 minutes per hour" [TR 56]. The ALJ could have reached a different outcome here. *See Osborn*, 2017 WL 2312910, at *8 (finding the ALJ's failure to account for Dr. Ryser's examination prejudicially affected plaintiff's RFC); *Wilkerson*, 2017 WL 1091601, at *7 ("The mere possibility that the ALJ may have properly considered [the examining psychologist's] findings does not make the failure to explain harmless."); *Nicaragua v. Colvin*, No. 3:12-CV-2109, 2013 WL 4647698, at *5-7 (N.D. Tex. Aug.

29, 2013) (remanding where ALJ failed to explain what weight he gave to examining physician's opinion, which conflicted with ALJ findings); *Singleton v. Astrue*, No. 3:11-CV-2332, 2013 WL 460066, at *3-6 (N.D. Tex. Feb. 7, 2013) (remanding where ALJ failed to explain weight given to examining physician); *compare with Chadwick v. Colvin*, 4:15-CV-00129-CAN, 2016 WL 3855258, at *8 (E.D. Tex. July 14, 2016) (holding that ALJ's failure to weigh psychologist's report was harmless because the report did not express an opinion concerning plaintiff's work-related limitations and the ALJ discussed the report extensively). Commissioner's attempts to argue otherwise are unavailing. Principally, Commissioner argues that other evidence in the record supports the ALJ's RFC assessment, including Plaintiff's daily activities which belied the limitations Dr. Ryser espoused and the opinions of Drs. Reid and Yu [Dkt. 15 at 5-7]. However, the ALJ did not put forth these explanations in his Determination and never claimed this evidence outweighed or contradicted Dr. Ryser. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision"). The Commissioner's decision must be remanded. [5]

## CONCLUSION

For the foregoing reasons, the Court finds that the decision to deny disability benefits to Plaintiff is **REMANDED** to the Commissioner for further deliberation in accordance with this decision.

**SIGNED this 23rd day of March, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[5] Having decided that remand is necessary in this case, the Court does not reach the remaining issues.